# Supreme Court of the Navajo Nation

**Gloria Johns, Lula Mae Stago,
and Tommy C. Yazzie, Petitioners-Appellees,**
v.
**Leupp Schools, Inc., Respondent-Appellant.**
**Decided February 21, 1995**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Lawrence A. Ruzow, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and Eric N. Dahlstrom, Esq., Phoenix, Arizona, and David W. Barrow, Esq., Flagstaff, Arizona, for the Appellees.

Opinion delivered by AUSTIN, Associate Justice.

This is a ruling on a motion for substitution of parties. The motion arises in a consolidated appeal from Navajo Nation Labor Commission ("Commission") judgments entered against Leupp Schools, Inc., the Respondent-Appellant.

## I. Facts

The Commission awarded the Petitioners-Appellees ("Petitioners"), Navajo administrators who resigned from their positions with Leupp Schools in October of 1992, judgments equivalent to their unpaid salary and benefits for the 1992-1993 school year. These judgments, along with findings of fact and conclusions of law, were entered against Leupp Schools on December 9, 1993. Leupp Schools appealed and the Petitioners cross-appealed.

California Insurance Company, an Industrial Indemnity subsidiary, was providing coverage for Leupp Schools. Although California Insurance denied Leupp Schools' claim for payment of the Commission judgments under its liability policy, Industrial Indemnity paid the Petitioners the full amount of their judgments in return for which it received an assignment of rights in the judgments and the Petitioners' agreement to consent to Industrial Indemnity substituting as Petitioner-Appellee.

Thus, on September 26, 1994, Industrial Indemnity moved for an order substituting itself in place of the Petitioners. On October 6, 1994, the Petitioners filed a notice of voluntary dismissal of their cross-appeal at the request of Industrial Indemnity.

## II. Issues

As the issue of substitution raised in this appeal is of first impression for the Court, in addition to ruling on the motion to substitute, the Court takes this opportunity to provide guidelines for substitution of parties in actions brought in Navajo Nation courts.

## III. Discussion

### A. General Guidelines

Substitution of parties in actions pending in Navajo Nation courts is an extraordinary procedure, generally not allowed, and particularly not on appeal. Following the practice of federal and state courts, in Navajo Nation courts, substitution may be permitted where the cause of action remains the same and the party substituted is the successor in interest to the original party. 67A C.J.S. *Parties* § 56. Consistent with the concern for preserving the cause of action, substitution which alters the issues will not be allowed on appeal. The guiding principle in all cases is whether substitution will assist in determining a controversy's true merits.

When ruling on substitution at trial and appellate levels, the Navajo Nation courts exercise broad discretion. This discretion is not broad in the sense of providing free rein.

> The use of the word "discretion" as applied to judges or courts means discretion to act within certain boundaries. For judicial discretion those boundaries are the rules and principles of law as applied to the facts of a particular case.

*In re Contempt of: Sells*, 5 Nav. R. 37, 38 (1985) (citations omitted). Discretion is broad in the sense that it opens the scope of inquiry, allowing courts to consider all relevant facts and circumstances with the aim of protecting the parties, including the party seeking substitution, against prejudice or harm.

### 1. Navajo Common Law Due Process

This broad scope of inquiry is in keeping with the general Navajo common law rule of due process articulated in *Begay v. Navajo Nation*, 6 Nav. R. 20, 24 (1988): "The Navajo people have an established custom of notifying all involved parties in a controversy and allowing them, and even other interested parties, an opportunity to present and defend their positions."

All perspectives are important for a court to hear when making discretionary rulings. The court need not, however, make all who are interested actual parties to the action in order to provide them with the opportunity to voice their positions. For example, anyone with a strong interest in the subject matter of an action may petition the court for permission to file an *amicus curiae*, or friend of

court, brief. In the case before this Court, the motion and accompanying brief have served to inform the Court of Industrial Indemnity's position. As noted above, the concern for due process requires that a court consider whether prejudice or harm will come to anyone when ruling on substitution.

### B. Application of Guidelines to Motion made on Appeal

Two questions must be answered to determine if substitution is permissible in this case. The first question is whether substitution affects the cause of action or the issues on appeal. Industrial Indemnity contends that the appeal concerns the judgments solely, and thus, the substitution will not affect the issues on appeal. However, Industrial Indemnity has already affected the issues by requesting that the Petitioners voluntarily dismiss their cross-appeal. Whether the effect is significant is impossible to assess as the Petitioners never articulated the basis for the cross-appeal. The clearest conclusion to be drawn is that Industrial Indemnity's request was premature.

The second question is whether Industrial Indemnity is the Petitioners' successor in interest. As the Petitioners have assigned their interests in the money judgment, there is no question that Industrial Indemnity succeeds to these interests. The Court notes, in response to concerns raised by Leupp Schools, that an assignment of money judgments from claims under the Navajo Preference in Employment Act does not carry with it any interest in the Commission's findings of fact or conclusions of law.

But the answers to the above two questions do not wholly answer the overall question of whether we should grant substitution in this case.

As substitution in this matter is being sought on appeal, Navajo Rule of Civil Appellate Procedure 21(b) governs. This rule provides as follows: "If substitution of a party is necessary for any reason other than death, substitution shall be effected in accordance with the procedure prescribed in subdivision (a)." Applying a common rule of construction, the Court considers the plain meaning of this rule. If death is not the reason for substitution on appeal, the Court must determine whether or not substitution is necessary. "Necessary" means that a party to the suit is unable to continue the litigation, not that an original party has voluntarily chosen to stop litigating. It also means that prejudice or harm to a party, including the party seeking substitution, is likely if substitution is not allowed.

There is no evidence that the original parties cannot continue the litigation in the case before the Court. Nor is there any indication that prejudice or harm will come from denying the motion. Thus, substitution is not necessary.

Overall, this Court is not convinced that substitution will in any way assist in determining the controversy's true merits.

Industrial Indemnity's motion for substitution is denied.